[No: 8950.   Department One. — June 24, 1885.]

THE PEOPLE EX REL. BOARD OF STATE HARBOR
COMMISSIONERS, RESPONDENT, *v.* THE POTRERO
AND BAY VIEW RAILROAD COMPANY, APPEL-
LANT.

NAVIGABLE STREAM — STREET RAILROAD — IMPLIED GRANT OF RIGHT TO BUILD
BRIDGE. — A grant by the legislature of the right to build a street railroad over
a designated route which crosses a navigable stream, includes the right to build
a bridge over the stream.

ID. — ACT ADMITTING CALIFORNIA INTO UNION — POWER OF STATE OVER NAVIGABLE
STREAMS. — The provision of the act of Congress admitting California into the
Union, which declares "that all navigable waters within the State shall be
common highways and forever free," etc., does not impair the power of the State
to authorize the construction of bridges over navigable streams.

ID. — POWER TO CONSTRUCT BRIDGE. — While the power of the State with respect
to the construction, regulation, and control of bridges over navigable streams
is subordinate to that of Congress, still until Congress acts on the subject the
power of the State is plenary.

ID. — AUTHORIZED BRIDGE NOT A NUISANCE. — A bridge over a navigable stream,
built in pursuance of a valid authorization from the State, cannot be adjudged a
nuisance.

APPEAL from a judgment of the Superior Court of the city and
county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellant.

Under the law granting the franchise to Tompkins, his asso-
ciates and assigns, they had authority to construct the bridge in
question. (*Union Pacific R. R.* v. *Hall,* 1 Otto, 350; *People* v.
*Saratoga & R. R. R. Co.* 15 Wend. 130; *Springfield* v. *Conn.
R. R. Co.* 4 Cush. 63; *Mohawk Bridge Co.* v. *Utica & S. R. R.
Co.* 6 Paige, 554.) The State in the absence of congressional
action, possessed plenary power to authorize the structure in ques-
tion, and its action in authorizing the same is constitutional;
and therefore the bridge cannot be adjudged a nuisance. (*Wilson*
v. *Blackbird Creek Marsh Co.* 2 Peters, 250; *Veazie* v. *Moor,* 14
How. 573; *Passaic Bridge Case,* 3 Wall. 782; *Gilman* v. *Phila-
delphia,* 3 Wall. 713; *Clinton Bridge Case,* 10 Wall. 462; *U. S.*
v. *New Bedford Bridge,* 1 Wood. & M. 49; *Griffin* v. *Gibb,* 1
McAll. 221; *County of Mobile* v. *Kimball,* 12 Otto, 691; *Cald-
well* v. *Am. Bridge Co.* 113 U. S. 205.)

*T. C. Coogan*, and *George D. Shadburne*, for Respondent.

Ross, J. — Action to abate an alleged nuisance, consisting of the maintenance by defendant of a bridge across Islais Creek, in the city and county of San Francisco, which impedes the navigation of the creek, the waters thereof being navigable. The defendant claims the right to maintain the bridge under a grant by the legislature made April 2, 1866, to one Tompkins, his associates and assigns, of the right to lay down, maintain, and operate a street railroad along a certain route and upon certain terms stated in the act, which is found in Statutes of 1865–66, p. 749. The route designated crosses Islais Creek, and as the road could not be built across the creek without a bridge, the grant of the right to build the road necessarily included a grant of the right to build the necessary bridge. (*Union Pac. R. R. Co.* v. *Hall*, 1 Otto, 350.) And that such was the understanding of the legislature is shown by the subsequent Act of March 28, 1868 (Stats. 1867–68, p. 475), amending the Act of April 2, 1866 ; for the fifth section of the amendatory act provides among other things that the company "shall be required to construct a draw in the bridge on Kentucky Street at its intersection with Tulare Street whenever the parties interested shall pay the expense of constructing such draw, and provide for maintaining the same." And a similar provision is inserted in the act of the legislature passed March 26, 1868 (Stats. 1867–68, p. 357), declaring Islais Creek a navigable stream, the third section of which providing among other things that "nothing in this act shall be so construed as to affect the rights or franchise of the Potrero and Bay View Railroad Company (which company succeeded on July 23, 1867, to all the rights of Tompkins and his associates), or to require said company to make a draw on said bridge, unless the cost of said draw and the expense of maintaining the same, are provided by the interested parties who may desire such improvement."

If the State had the constitutional power to authorize the building of the bridge in question, it would seem clear enough that action under its sanction cannot legally be adjudged a nuisance. But the ground chiefly relied on by counsel and upon which the court below seems to have held against the defendant

is that the act of the legislature granting the right is unconstitutional and void because of that provision of the act of Congress admitting California into the Union, which provides "that all the navigable waters within the State shall be common highways and forever free, as well to the inhabitants of said State as to the citizens of the United States, without any tax, impost, or duty therefor." (9 U. S. Stats. pp. 452, 453.) But this point is disposed of by the Supreme Court of the United States against the plaintiff in the recent case of *Cardwell* v. *American River Bridge Co.* 113 U. S. 205, in which it was held that the clause referred to in no way impaired the power which the State could exercise over the subject if the clause had no existence, but that its object was to insure a highway equally open to all, without preference to any, and unobstructed by duties or tolls, and thus prevent the use of the navigable streams by private parties to the exclusion of the public, and the exaction of any toll for their navigation; and that the cause contemplated no other restriction upon the power of the State in authorizing the construction of bridges over them whenever such construction would promote the convenience of the public. The act admitting California declares that she is "admitted into the Union on an equal footing with the original States *in all respects whatever*. She was not, therefore, shorn by the clause as to the navigable waters within her limits of any of the powers which the original States possessed over such waters within their limits." And the court reiterated what had before been held in many cases, that while the power of the State with respect to the construction, regulation, and control of bridges over navigable streams is subordinate to that of Congress, still until Congress acts on the subject, the power of the State is plenary. The case of Caldwell and others to which reference is there made is decisive of the point.

Judgment and order reversed and cause remanded.

McKEE, J., and McKINSTRY, J., concurred.